UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JARED MASHBURN, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) No. 1:23-cv-01513-JMS-TAB |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

**ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255**

In January 2023, Jared Mashburn pled guilty to one count each of possessing methamphetamine with intent to distribute and carrying a firearm during and in relation to a drug trafficking crime. He is serving a total prison sentence of 235 months. Crim. dkt.[1] 162.

Mr. Mashburn asks the Court to vacate his guilty plea and sentence pursuant to 28 U.S.C. § 2255, asserting that he pled guilty without effective assistance from counsel. His motion is denied, and this action is dismissed.

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error

---

[1] *United States v. Mashburn*, No. 1:21-cr-00003-JMS-KMB.

of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Facts

On December 14, 2020, Mr. Mashburn was arrested on an outstanding warrant while driving in Indianapolis. Crim. dkt. 146 at ¶ 13(a). A search of Mr. Mashburn's person yielded two loaded handguns, about 19 grams of methamphetamine, and about $12,000 cash. *Id.* The same day, officers obtained a warrant to search Mr. Mashburn's home and recovered approximately 38 firearms, 2800 grams of methamphetamine, and other drug paraphernalia. *Id.* at ¶ 12(c).

Andrew Borland represented Mr. Mashburn at a probable cause and detention hearing on December 29, 2020. Crim. dkt. 12. Magistrate Judge Lynch ordered that he be detained pending trial. Crim. dkt. 13.

On January 5, 2021, a grand jury indicted Mr. Mashburn on two counts of possessing methamphetamine with intent to distribute, two counts of possessing firearms as a convicted felon, and one count of possessing a firearm during and in furtherance of a drug trafficking crime. Crim. dkt. 14. Following an initial hearing on January 12, crim. dkt. 27, Mr. Mashburn retained Jay Meisenhelder as counsel, crim. dkt. 28.

Mr. Meisenhelder engaged in plea negotiations with the government. *See* crim. dkts. 98-1, 98-2. On April 30, 2021, he filed a motion to modify Mr. Mashburn's detention order. Crim. dkt. 33. However, new counsel took over the case for the government about that time and notified Mr. Meisenhelder that she would terminate plea negotiations if he pursued pretrial release. Crim. dkt. 46-9. Mr. Meisenhelder withdrew the motion on May 5. Crim. dkt. 37.

Mr. Meisenhelder continued plea negotiations. The government offered to withdraw three charges and recommend a sentence at the low end of the Guidelines range if Mr. Mashburn agreed to plead guilty to one count each of possession with intent to distribute and possession of a firearm during in and in furtherance of a drug trafficking offense—the same counts to which Mr. Mashburn eventually pled guilty. Crim. dkt. 46-10. However, Mr. Mashburn rejected the offer. Crim. dkt. 98-5.

After Mr. Mashburn rejected the government's offer, Mr. Meisenhelder pursued a series of motions. On July 10, Mr. Meisenhelder moved again to modify Mr. Mashburn's detention. Crim. dkt. 44. Two weeks later, he filed a motion asking that the government be required to disclose certain evidence. Crim. dkt. 49.

On August 3, 2021, while those motions remained pending, the government filed a superseding indictment adding a new firearm charge to the original five. Crim. dkt. 43. The Court denied the motion to modify Mr. Mashburn's detention as moot in light of the superseding indictment. Crim. dkt. 63. The discovery motion remained pending. On August 31, Mr. Meisenhelder filed a second motion to compel production evidence, then promptly withdrew it after gaining access to the evidence. Crim. dkts. 67, 69. The original discovery motion, crim. dkt. 49, remained pending, but the Court later denied it as moot on the same grounds, *see* crim. dkt. 84.

In November and December 2021, Mr. Meisenhelder filed two motions to compel the production of any evidence that investigators had used cell phone location data to track Mr. Mashburn. Crim. dkts. 82, 85. The Court inferred from the government's responses that no such data was used, denied the motion, and ordered the government to respond if that inference

was inaccurate. Crim. dkt. 87. No response was filed, and no subsequent evidence indicates that cell phone data was used.

Finally, on January 26, 2022, Mr. Meisenhelder moved on January 26, 2022, to suppress certain evidence, crim. dkt. 89, and on February 1, he moved to dismiss the superseding indictment as vindictive, crim. dkt. 92.

The Court denied the motion to dismiss on March 29, 2022, in an eleven-page order. Crim. dkt. 101. The Court found both that the motion was untimely and that it failed on the merits. *Id.*

The Court held a suppression hearing on April 11, 2022. Crim. dkt. 109. Mr. Meisenhelder arrived late to the hearing, and the Court sanctioned him with a $100 fine. Crim. dkt. 110. The Court denied the motion to suppress on April 22 in a 26-page order. Crim. dkt. 118. Afterward, Mr. Mashburn requested a new attorney.

Dorie Maryan took over as Mr. Mashburn's attorney on May 25, 2022. Crim. dkt. 124. On October 5, 2022, Mr. Mashburn petitioned the Court to plead guilty. Crim. dkt. 146. The parties agreed that Mr. Mashburn would plead guilty to one methamphetamine and one gun charge, the remaining four charges would be dismissed, and a total prison sentence of 235 months would be appropriate. *Id.*

The Court accepted Mr. Mashburn's guilty plea on October 5, 2022. Crim. dkt. 177. The Court sentenced Mr. Mashburn to the agreed-upon 235 months on January 24, 2023. Crim. dkt. 179. The low end of the Guidelines range would have been 352 months. *Id.* at 7:24–8:2.

### III. Analysis

Mr. Mashburn seeks relief from his sentence and guilty plea on grounds that his attorneys did not represent him effectively as required by the Sixth Amendment. A § 2255 movant claiming

ineffective assistance bears the burden of showing (1) that counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *Resnick v. United States*, 7 F.4th 611, 619 (7th Cir. 2021). It is fundamental that the § 2255 movant faces the burden of demonstrating both deficient performance and prejudice. *See, e.g.*, *Williams v. United States*, 879 F.3d 244, 249 (7th Cir. 2018) ("To demonstrate prejudice, Williams had the burden to show a reasonable probability" of a different outcome "but for the failure by his counsel.").

A guilty plea "cannot be 'knowing and voluntary' if it resulted from ineffective assistance of counsel." *Hurlow v. United States*, 726 F.3d 958, 967 (7th Cir. 2013). A petitioner who has pled guilty can establish prejudice only by demonstrating "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). For this reason, "[t]he nature of relief secured by a successful collateral challenge to a guilty plea [is] an opportunity to withdraw the plea and proceed to trial." *Padilla v. Kentucky*, 559 U.S. 356, 372–73 (2010).

"Only if the petitioner comes forward with 'specific acts or omissions of his counsel that constitute ineffective assistance'" does the Court "consider 'whether these acts or omissions were made outside the wide range of professionally competent assistance.'" *Hutchings v. United States*, 618 F.3d 693, 697 (7th Cir. 2010) (quoting *Berkey v. United States*, 31789 F.3d 768, 772 (7th Cir. 2003)). Accordingly, the Court addresses only the arguments raised in ¶¶ 12–19 and 21–25 of Mr. Mashburn's petition. His earlier arguments are generic and do not identify specific acts or omissions that can support a finding of deficient performance or that his deficiencies prejudiced Mr. Mashburn. *See, e.g.*, dkt. 1 at ¶¶ 4 ("Attorney Meisenhelder failed to know the law. He was lazy and incompetent."), 7 ("Attorney Meisenhelder failed to calendar. He committed multiple

5

missed deadlines and appearances."), 20 ("Attorney Meisenhelder failed to go over the discovery in this case, he failed to investigate the facts, which caused prejudice to the defendant."), 21 ("Attorney Meisenhelder failed to do proper plea negotiations, which caused me to have no leverage, which resulted in a greater sentence. This was prejudicial to the petitioner as a defendant.").

A. **Motion Regarding Cell Phone Data**

Mr. Mashburn argues that Mr. Meisenhelder failed to research and investigate unspecified aspects of his motions regarding evidence of cell phone location surveillance and omitted certain facts from the motions. *Id.* at ¶ 12. He further argues that Mr. Meisenhelder confused certain terminology and that this caused the motion to fail. *Id.* Mr. Mashburn is incorrect as a matter of fact. The Court denied his motions regarding cell phone surveillance because there is no indication that such surveillance ever took place. Mr. Mashburn's § 2255 filings do not show otherwise. Mr. Mashburn cannot show that he was prejudiced by counsel's failure to obtain or suppress evidence that never existed.

B. **Motion to Dismiss Superseding Indictment and Motion to Suppress**

Mr. Mashburn argues that Mr. Meisenhelder prejudiced him by filing both his motion to dismiss the superseding indictment and his suppression motion too late. *Id.* at ¶¶ 13, 15. Again, he is wrong on the facts. The Court denied both motions on grounds that they were untimely *and* that they were not legally meritorious. Crim. dkts. 101, 118. "Failure to raise a losing argument . . . does not constitute ineffective assistance of counsel." *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996). Mr. Meisenhelder could not prejudice Mr. Mashburn by filing motions late when the motions were doomed to fail.

### C.     Second Motion to Modify Detention

Mr. Mashburn argues that Mr. Meisenhelder prejudiced him by pursuing a second motion to modify his detention, which in turn motivated the government to file a retaliatory superseding indictment with a second charge for possessing a firearm during and in furtherance of a drug trafficking crime. Dkt. 1 at ¶ 14. Because the government agreed to dismiss one of those charges in his plea agreement, he argues that the superseding indictment prejudiced him. *Id.* As he sees it, had the second gun charge not been added, the government still would have agreed to dismiss one, and he would not have pled guilty to any—substantially reducing his sentence. *Id.*

Again, Mr. Mashburn is factually incorrect. The plea agreement the government offered *before* the superseding indictment called for Mr. Mashburn to plead guilty to one count of possessing a gun during and in furtherance of a drug trafficking crime. Crim. dkt. 46-10. Further, that offer called for Mr. Mashburn to receive a sentence at the bottom of the Guidelines range, and he ended up receiving a sentence significantly *below* the Guidelines range. Against this backdrop, Mr. Mashburn cannot demonstrate that Mr. Meisenhelder prejudiced him by tempting the filing of a superseding indictment.

### D.     Failure to Raise Issues in Motions and File Reply Briefs

Mr. Mashburn argues that Mr. Meisenhelder prejudiced him by omitting unspecified arguments from the suppression motion and by failing to file reply briefs on certain motions. Dkt. 1 at ¶¶ 16–18. But he does not state what arguments Mr. Meisenhelder should have raised in the suppression motion or in any reply brief. Accordingly, the Court cannot determine that Mr. Meisenhelder failed to raise a meritorious issue and therefore cannot find that Mr. Meisenhelder prejudiced Mr. Mashburn. *See Warren v. Baenen*, 712 F.3d 1090, 1104 (7th Cir. 2013) ("Counsel is not ineffective for failing to raise meritless claims."); *United States v. Carter*,

355 F.3d 920, 924 (7th Cir. 2004) ("First, counsel cannot be said to be deficient for failing to take frivolous action, particularly since a frivolous effort takes attention away from non-frivolous issues. Second, it is evident that failing to make a motion with no chance of success could not possibly prejudice the outcome.").

### E.     Late Arrival at Suppression Hearing

Mr. Mashburn recalls that Mr. Meisenhelder was sanctioned for arriving late to the suppression hearing and correctly cites this as evidence that Mr. Meisenhelder's representation fell below accepted professional standards. Dkt. 1 at ¶ 19. Nevertheless, the Court denied the suppression motion on the merits, and Mr. Mashburn has not identified any other basis for finding that Mr. Meisenhelder's tardiness prejudiced him for purposes of the Sixth Amendment.

### F.     Ms. Maryan's Representation

Finally, Mr. Mashburn argues that Ms. Maryan's representation was constitutionally ineffective because she was unable to repair the damage left by Mr. Meisenhelder and she advised that his "only hope" was to plead guilty and accept the 235-month sentence to which the government agreed. Dkt. 1 at ¶¶ 22–25. Mr. Mashburn does not, however, identify any action Ms. Maryan could have taken that would have improved his position or caused him to insist on going to trial. Therefore, the Court has no basis for finding that she performed deficiently or that she prejudiced Mr. Mashburn. Further, the Court reiterates that Mr. Mashburn's 235-month sentence is substantially below the Guidelines range and substantially shorter than the sentence the government offered to recommend earlier in the case.

## IV. Conclusion

For the above reasons, Mr. Mashburn's motion for relief under § 2255 is **denied**. This case is **dismissed with prejudice**. The **clerk is directed** to enter **final judgment**, to docket a copy of

this order in the criminal case (No. 1:21-cr-00003-JMS-KMB), and to terminate the pending § 2255 motion in that case. (dkt. [176]).

### V. Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition; rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Mashburn has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 4/21/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JARED MASHBURN
23336-509
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov